Peck, J.
delivered the opinion of the court.
Is the offence,,under our statutes, sufficiently charged in this indictment to compel the defendant to plead? By *185 our act of 1824, chapter 21, it is provided, “that the acts to suppress the crime of gaming shall be construed as remedial, and not as penal laws, and no presentment or indictment shall be quashed for the want of form, and it shall be sufficient to charge the general name of the game, without setting forth and describing with or against whom they may have bet or played.”
Betting on elections, by the act of 1823, ch. 25, sec. 2, is declared a misdemeanor, and upon conviction, by presentment or indictment, the offender shall pay a fine for the use of the county, as in cases of betting on any game or games of hazard, by the laws now in force and use.
The acts on gaming have had their construction by this court. Dean vs. the State, and Smith vs. the State. The declared will of the legislature, on the subject of gaming, is easily seen and comprehended. The offence was not only often perpetrated in secret, where the innocent were drawn pn, but arts and terms were often used not comprehended by those present at the transaction. To guard against the escape of offenders, these laws are to be construed liberally; technicalities may be dispensed with; legal precision, which is left to apply to other cases indictable by the laws of Tennessee, is not required where gaming is made the subject of en-quiry.
The courts have no discretion left them. The laws taken together, (and they are all as one act,) contemplate, that he who games or bets shall play none but the honest part when called upon in our courts. Shift, device, shuffling or form, will be of no avail when attempted to be made the grounds of delay or escape. It would be useless to argue to a lawyer that the act of 1823 stood by itself, and did not form a part of that great whole which make up the laws against gaming. By the very letter, such construction is forbid. The act of 1824 came after it, and expressly dispenses with the necessity *186 0jf showing the associate m the crime, and this for a good reason — he might be unknown.
Betting on elections is at least as immoral as betting on dice. It is trifling with a sacred privilege, at the same time that it begets strife, and may work great prejudice to the right of free suffrage.
The juggler in the game may win his money staked upon his candidate, and cheat both his country and compeer.
This presentment is sufficient to compel the defendant to answer.
Judgment reversed.